LAURA E. DUFFY
United States Attorney
ROSARIO T. GONZALEZ
Assistant U.S. Attorney
California Bar No.: 260053
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8983
Email: Rosario.Gonzalez@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　　v.<br><br>PRISCILLA LOPEZ,<br><br>　　　　　Defendant/Petitioner. | Criminal Case No. 13CR4513-BEN<br>Civil Case No. 16CV1118-BEN<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

The Plaintiff/Respondent, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Rosario T. Gonzalez, Assistant United States Attorney, hereby files its Opposition to Defendant/Petitioner Priscilla Lopez's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. This Opposition is based upon the attached memorandum of points and authorities, the files and records of this case, and any evidence or argument that may be presented at any hearing on this matter.

# I.

## STATEMENT OF THE CASE

On November 3, 2014, petitioner Priscilla Lopez pled guilty, pursuant to a plea agreement, to charges of conspiracy to possess controlled substances with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. As part of her written plea agreement, Lopez explicitly waived her right to appeal or collaterally attack her conviction and sentence. Notwithstanding this valid waiver, Lopez now attempts to challenge the 90-month sentence that this Court imposed in November 2014. In so doing, Lopez invokes Supreme Court authority that has no application to his case.

As set forth below, Lopez's petition should be denied or dismissed because: (1) *Johnson v. United States*, 135 S.Ct. 2551 (2015), is inapplicable to this case and does not provide a basis for habeas relief; (2) any claim in Lopez's motion is time-barred; (3) Lopez waived her right to challenge her sentence and has failed to identify any circumstances that would justify invalidating that waiver; (4) even if one were to ignore Lopez's valid written waiver, as well as her procedural default, she has not raised any claims that warrant habeas relief; and (5) Lopez procedurally defaulted by failing to raise her current claims on direct appeal. Any of the reasons outlined above is sufficient, standing alone, to support the dismissal or denial of Lopez's petition. Furthermore, because Lopez's claims are baseless and conclusory, the United States requests that the Court deny Lopez's Motion without a hearing.

/ /

/ /

/ /

1

**II.**

2

**STATEMENT OF FACTS**

3

    **A.**    **The Instant Offense**

4

    On December 19, 2013, a one-count indictment was filed in the Southern

5

District of California charging Lopez and a co-defendant with a violation of 21 U.S.C.

6

§§ 841(a)(1), 841(b)(1)(A)(vii) and 846, Conspiracy to Possess with Intent to

7

Distribute Controlled Substances and 21 U.S.C. § 853, Criminal Forfeiture. ECF 1.

8

Petitioner's conduct spanned from approximately January 22, 2013 through February

9

6, 2013, wherein she and other parties agreed to smuggle heroin and

10

methamphetamine into the Las Colinas Detention Facility in Santee, California. ECF

11

46 at 2. During this time period, Lopez facilitated one coconspirator obtaining heroin

12

and methamphetamine from another coconspirator to be smuggled into the Las

13

Colinas Detention Facility. *Id.* Specifically, on February 6, 2013, a coconspirator

14

arranged to obtain approximately 3.5 grams of heroin and 6.1 grams of actual

15

methamphetamine with Lopez's assistance in order to be smuggled into the Las

16

Colinas Detention Facility. *Id.*

17

    **B.**    **Lopez's Written Plea Agreement**

18

    Pursuant to her written plea agreement, Lopez indicated that she "had a full

19

opportunity to discuss all the facts and circumstances of this case with defense

20

counsel, and has a clear understanding of the charges and the consequences of this

21

plea." ECF 46 at 4. Lopez further indicated in her plea agreement that she understood

22

that "the sentencing judge must consult the United States Sentencing Guidelines

23

24

25

26

27

28

(Guidelines) and take them into account." *Id.* at 5. Page seven of the plea agreement indicated that the parties would "jointly recommend" the following Guidelines:

    1. Base Offense Level [USSG § 2D1.1(c)(11)]        26

    2. Drugs into Jail  [USSG § 2D1.1(b)(4)]         +2

    3. Acceptance of Responsibility [USSG § 2E1.1]     - 3

Lopez indicated that she had "discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction." *Id.* at 5. Similarly, Lopez indicated that she understood that "the sentence is within the sole discretion of the sentencing judge" and that "the Government has not made and will not make any representation as to what sentence [Lopez] will receive." *Id.* Lopez further indicated that she understood that "any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **<u>not binding on the Court</u>**" (emphasis in original) and "that, if the sentencing judge does not follow any of the parties' sentencing recommendations, [Lopez] nevertheless has no right to withdraw the plea." *Id.* at 5-6.

Lopez also explicitly acknowledged in her plea agreement that she had "waive[d] to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order." *Id.* at 8. Finally, Lopez acknowledged that "by signing this agreement, [she] certifie[d] that [she] has read it (or that it has been read to [her] in [her] native language)," that she had "discussed the terms of this agreement with defense counsel and fully understands its meaning and effect," and that she was "satisfied with counsel's representation." *Id.* at 9-10.

4

### C. Lopez's Plea Hearing

During a plea hearing held in front of Magistrate Judge Nita L. Stormes on August 7, 2014, Lopez pled guilty pursuant to a plea agreement to Count 1 of the Indictment filed against her. ECF 51, 55. Judge Stormes determined that Lopez's plea hearing complied with Rule 11 of the Federal Rules of Criminal Procedure and that Lopez understood her rights and the potential sentence she faced. ECF 47 at 1-3. Judge Stormes likewise determined that Lopez was competent to enter a plea and that ahe entered her guilty plea knowingly and voluntarily. *Id.* at 4. Judge Stormes also found that Lopez understood the provision in her plea agreement by which Lopez agreed to waive her right to appeal or to collaterally attack her conviction and sentence. *Id.* at 3.

### D. Lopez's Sentencing

At sentencing, the United States complied with the plea agreement and recommended the following Guidelines calculations in its sentencing summary chart:

| | |
|---|---|
| Base Offense Level | 26 |
| Drugs into Jail [USSG § 2D1.1(b)(4)] | +2 |
| Acceptance of Responsibility [USSG § 3E1.1] | -3 |

ECF 63 at 1. The United States noted that the above Guideline calculations produced an Adjusted Offense Level of 25 which, in combination with Lopez's Criminal History Category of VI, produced a Guideline Range of 110 to 137 months' custody. *Id.* Thereafter, the United States recommended a downward variance that was the equivalent of a two-level reduction in the Base Offense Level as determined under USSG § 2D1.1(a)(5) in exchange for the Lopez's agreement not to seek a further

reduced sentence in the event that the Federal Sentencing Guidelines were amended on November 1, 2014 to revise the Drug Quantity Table in USSG § 2D1.1(c). *Id.* The United States then noted that the Adjusted Offense Level after the recommended variance was 23 which, in combination with Lopez's Criminal History Category of VI, produced a Guideline Range of 92 to 115 months' custody. *Id.* Ultimately the United States recommended a sentence of 90 months' custody, below the low end of that Guideline Range. *Id.*

The presentence report prepared by United States Probation concurred with the United States' calculation without the recommended variance. ECF 59. The Guideline calculations in the presentence report produced an Adjusted Offense Level of 25 which, in combination with Lopez's Criminal History Category of VI, produced a Guideline Range of 110 to 137 months' custody. *Id.* at 8-9. The Probation Officer ultimately recommended a sentence of 110 months' custody with an additional four years' supervised release. *Id.* at 18.

Lopez concurred with the Guideline calculations outlined by the United States and also recommended a downward variance that was the equivalent of a two-level reduction in the Base Offense Level. ECF 65-1 at 1. In particular, Lopez argued that her drug addiction was a motivating factor in committing the instant offense and should be a mitigating factor to be considered at sentencing. ECF 66 at 7. Lopez further argued that her personal history and characteristics supported the two-level reduction recommended. *Id.* at 8. In her sentencing summary chart, Lopez noted that the Adjusted Offense Level after the recommended variance was 23 which, in combination with Lopez's Criminal History Category of VI, produced a Guideline

Range of 92 to 115 months' custody.  *Id.*  Ultimately, she recommended a sentence of 90 months' custody.  *Id.*

On November 3, 2014, Lopez was sentenced to 90 months' imprisonment with an additional five years of supervised release.  ECF 67; 70.

### E.    Lopez's Post-Conviction Challenge

After the judgment issued in November 2014, Lopez did not appeal the sentence.  Nor did Lopez file any petitions under 28 U.S.C. § 2255 within the year contemplated under Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  See 28 U.S.C. § 2255(f).  Instead, in May 2016, almost eighteen months after her sentence became final, Lopez filed the instant motion for habeas relief.  She does not challenge the conviction or the voluntariness of the plea agreement.  Instead, she claims that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015)—finding a provision of 18 U.S.C. § 924(e) void for vagueness—warrants a modification or reduction of her sentence because the court considered her prior convictions and criminal history in imposing the 90 month sentence.  ECF 77 at 2.

/ /

/ /

/ /

/ /

---

[1]    For the purposes of the one-year period for filing habeas petitions, the judgment became when Lopez failed to file a notice of appeal within the 14 days allowed by Federal Rule of Appellate Procedure 4.

7

## III.

## ARGUMENT

Lopez's petition should be dismissed or denied because: (1) *Johnson v. United States* is completely inapplicable to this case; (2) her motion for habeas relief is time-barred; (3) she waived her right to challenge her sentence and has failed to identify any circumstances that would justify invalidating that waiver; (4) she has raised no other claim that would warrant habeas relief; and (5) she procedurally defaulted on her current claim by failing to raise it on direct appeal. Any of the reasons outlined above is sufficient, standing alone, to support the dismissal or denial of Lopez's motion. Furthermore, because Lopez's claims are baseless and conclusory, the United States requests that the Court deny her Motion without a hearing.

### A.    *Johnson v. United States* **is Inapplicable To This Case**

A prisoner may seek to vacate, set aside or correct her sentence under 28 U.S.C. § 2255(a) on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

*Johnson v. United States*, 135 S.Ct. 2551 (2015), examined language from the Armed Career Criminal Act ("ACCA"), which provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). There are three "clauses" in the statute defining what type of prior crime qualifies as a "violent felony":

- The "elements" clause:  "has as an element the use, or attempted use, or threatened use of physical force against the person of another";

- The "enumerated offenses" clause:  "is burglary, arson, or extortion, [or] involves use of explosives" and

- The "residual" clause:  "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B).  In *Johnson*, the Supreme Court held that imposing an increased sentence under ACCA's residual clause violates the Due Process Clause because the residual clause is impermissibly vague on its face.  Because no "principled and objective standard" could identify what crimes fell under the language of the residual clause, the Supreme Court held that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson,* 135 S.Ct. at 2557. In so doing, the Court overruled its decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011), in which it had previously rejected vagueness challenges to the residual clause. *Id*. at 2563.

The Court explicitly noted that its decision "does not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii).  135 S. Ct. at 2563.  It also does not affect ACCA's definition of "serious drug offense."    18 U.S.C. § 924(e)(2)(A).

9

In this case, Lopez was not sentenced under 18 U.S.C. § 924. Nor was Lopez sentenced as a "career offender" pursuant to USSG § 4B1.1 or pursuant to any provisions even remotely similar to the challenged portions of 18 U.S.C. § 924 that the Supreme Court found vague in *Johnson*. To the contrary, the sentence that Lopez now challenges was based entirely on the provisions of 18 U.S.C. § 960 and USSG § 2D1.1 that apply to drug offenses. Therefore, Lopez cannot avail herself of the decision in *Johnson* as support for a reduction or modification of her current sentence.

**B.    Petitioner's Motion Is Barred By The One-Year Limitation in § 2255**

The AEDPA instituted a one-year limitation for both state and federal prisoners to collaterally attack their sentences. See *United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000). Title 28, U.S.C. § 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255 "allows prisoners to petition their sentencing court to correct or invalidate sentences imposed upon them provided that they are 'in custody under a

10

sentence of a court established by Act of Congress' and provided that they make their petitions prior to the expiration of a one-year statute of limitations." *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004) (citation omitted).

Here, the court entered judgment in Lopez's case on November 14, 2014. ECF 70. Lopez filed her motion under § 2255 on May 9, 2016, almost eighteen months after judgment was entered. ECF 77. Even excluding the fourteen days she had to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(i); see also *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that judgment that is not appealed becomes final after time to file notice of appeal has expired), and the time between her delivery of the petition to prison officials and its filing, the one-year limitation period still bars her motion. Lopez has not alleged that an impediment had been created by the government or that her attempts to file a motion were impeded. She has not asserted a cognizable right that has been recently recognized by the Supreme Court and she does not contend that the facts supporting her claim were not available to her at the time of sentencing or that she could not have discovered those facts through due diligence. At this time, Lopez has not attempted to justify the untimeliness of her motion and the United States requests that the court dismiss it as time-barred under § 2255.

/ /

/ /

/ /

/ /

/ /

**C.    Lopez Waived Her Right To Collateral Attack**

Lopez's motion should be dismissed because, with the advice and consent of her attorney, Lopez knowingly and voluntarily waived her right to collaterally attack her conviction and sentence.

The right to collaterally attack a sentence is a statutory right that a defendant may waive. *United States v. Abarca*, 985 F.2d 1012 (9th Cir. 1993); see also *Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013) (voluntary collateral review waivers are enforceable as a general rule); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.").  "The waiver is enforceable if appellant knowingly and voluntarily waives [her] rights and the language of the waiver covers the grounds raised" in a habeas petition. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).  An otherwise valid waiver is not rendered invalid by a subsequent change in applicable sentencing law, nor does such a change in law render the waiver unknowing or involuntary. *United States v. Johnson*, 67 F.3d 200 (9th Cir. 1995) (because an appellate waiver waived the defendant's right to appeal "'any sentence imposed by the district judge,' not 'any sentence imposed under the laws currently in effect,'" the waiver remained valid, and defendant could not appeal his sentence, even when applicable sentencing law subsequently changed). Considering those principles, district courts have dismissed § 2255 petitions raising *Johnson* claims where a defendant waived her right to collaterally attack her sentence in a plea agreement.  See, e.g., *United States v. Inoshita*, No. 15-00159JMS, 2016 WL 2977237, at *4 (D. Haw. May 20, 2016) ("In sum, Inoshita's waiver encompasses the

12

right to file a § 2255 motion, except under circumstances not applicable in this case, and he made the waiver knowingly and voluntarily. Thus, Inoshita's waiver is valid."); *Rogers v. United States*, No. 15-CV-02172, 2016 WL 1328093, at *2 (C.D. Ill. Apr. 5, 2016) ("The Court agrees that Petitioner waived his right to bring a collateral attack in his Plea Agreement."); *Bradley v. United States*, No. 2015CV02666, 2016 WL 626572, at *4 (W.D. Tenn. Feb. 16, 2016) ("The Court finds that Bradley's waiver of the right to collateral review in his plea agreement was a valid waiver, and therefore, Bradley waived his right to § 2255 relief."); *United States v. Navarro*, No. 3:02-CR-61 JD, 2016 WL 3365042, at *5 (N.D. Ind. June 17, 2016) ("Therefore, the Court holds that Mr. Navarro's motion is barred by the waiver of any post-conviction proceedings in his plea agreement").

That should be the result here. Lopez's waiver provision in her Plea Agreement plainly covers this petition for § 2255 relief. In a section titled "DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK," Lopez agreed to waive "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence[.]" ECF 46 at 8. There are no listed exceptions to the waiver in this plea agreement. *Id.* The plea and waiver were entered knowingly and voluntarily. A magistrate judge concluded that Lopez understood the plea agreement, including the "provision in that agreement that waives the right to appeal or to collaterally attack the conviction and sentence," and entered the plea "knowingly and voluntarily." ECF 47 at 3-4. Lopez never objected to these conclusions, and the district court adopted the magistrate's findings. ECF 55. Lopez clearly initialed every page of the plea agreement and certified that she had read or had read to her the entire plea agreement.

ECF 46. Lopez likewise certified that she had "discussed the terms of this plea agreement with defense counsel and fully understands its meaning and effect." *Id.* at 4. Lopez has never claimed that the plea or waiver was not knowing and voluntary; indeed, she makes no such claim in her motion here, even though she bears the burden of persuasion.[2]  See, e.g, *Stanley v. United States*, No. 15-3728, 2016 WL 3514185, at *3 (7th Cir. June 1, 2016) ("As the proponent of collateral review, Stanley had to produce evidence demonstrating entitlement to relief. For Stanley that meant showing a difference between the charge and the conviction. A notation in the judgment of conviction might do this. Judicial findings, or stipulations during a plea colloquy, also

---

[2]  The United States has not secured the transcript for the Rule 11 colloquy conducted before the Honorable Magistrate Judge Stormes but Lopez has never claimed that any Rule 11 deficiency undercuts her plea.  Given the standard practice of the magistrate judges in this district, the colloquy undoubtedly complied with the requirements of Rule 11.  Even assuming that the magistrate judge discussed during the colloquy a waiver of appellate rights—without specifically identifying collateral attack rights—the unambiguous language of the plea agreement, coupled with an advisal that Lopez could not challenge her sentence on appeal, is enough.  See, e.g, *Sotirion v. United States*, 617 F.3d 27, 35 (1st Cir. 2010) ("Although it would have been preferable for the magistrate judge to specifically refer to the waiver of the right to collateral challenge as well as the waiver of the right to direct appeal, the judge's inquiry adequately confirmed Sotirion's understanding that he was giving up the important right to challenge his sentence after conviction."); *Tellado v. United States*, 799 F. Supp. 2d 156, 179 (D. Conn. 2011), aff'd, 745 F.3d 48 (2d Cir. 2014) ("Even if the Court's failure to utter the magic words 'collateral attack' constituted a technical error, however, the Court cannot conclude that its omission rendered Mr. Tellado's waiver of collateral attack rights unknowing or involuntary.").  Nevertheless, should this Court deem it necessary, the United States will obtain a transcript of both the change of plea and sentencing hearing.

14

might suffice. But Stanley did not produce any of this potentially relevant evidence. When a statute is divisible, 'a silent record leaves up in the air whether an error has occurred, and the allocation to defendant of the burdens of production and persuasion makes a difference.' *United States v. Ramirez*, 606 F.3d 396, 398–99 (7th Cir. 2010).").

Moreover, although a waiver of collateral attack "will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal [or collaterally attack her sentence]; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law," *Bibler*, 495 F.3d at 624, none of these exceptions are applicable here. Even if Lopez alleges that the sentence imposed violates the law, her argument fails. "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id*. Lopez's 90-month sentence was well below the 40-year statutory maximum and is not illegal for exceeding the "permissible statutory penalty." *Id*. Nor does her sentence violate the Constitution. Lopez's complaint is, fundamentally, a Guidelines calculation error.

Lopez simply contends that this Court applied a Guidelines provision that is unconstitutionally vague which is untrue because this Court did not sentence Lopez pursuant to USSG § 4B1.1. However, even if that were true, application of that Guidelines provision does not mean that her sentence is constitutionally defective in a way that undermines the waiver provision. As the Eleventh Circuit explained en banc,

> [Lopez's] claim that a sentencing guidelines provision was misapplied to [her] is not a constitutional claim. If it were, every guidelines error would

15

be a constitutional violation. However prescient the Founders may have been in other respects, they did not think to incorporate the sentencing guidelines into the Constitution or Bill of Rights. Nor is it plausible to suggest, as [Movant] does, that every error adversely affecting a defendant's sentence violates the Due Process Clause. Sometimes a cigar is just a cigar, and sometimes an error is just an error.

*Gilbert v. United States*, 640 F.3d 1293, 1321-22 (11th Cir. 2011) (en banc); cf. *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013) ("The panel had held that an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir.2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory."); *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) ("Instead, he contends only that the district court erroneously classified him as a career offender under the advisory guidelines. But any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."); *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) ("In sum, there is no decision left standing in any circuit whereby a challenge to one's change in career offender status, originally determined correctly under the advisory Guidelines, is cognizable on collateral review."); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) ("[T]his court and our sister circuits have consistently held 'that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'"); *Inoshita*, 2016 WL 2977237, at *4 (examining a *Johnson* claim and stating that "even if the court misapplied the career offender provision, such an error would be a guideline — not constitutional — error"). Because Lopez waived her right to

16

collaterally attack her sentence and no exception to that waiver applies, this motion should be dismissed.

### D.  Petitioner Has Raised No Cognizable Claim Under § 2255

Lopez has made no claim which warrants habeas relief.  A federal prisoner who is claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of the laws of the United States may file a § 2255 motion with the district court that imposed the sentence.  *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Id*.  Congress enacted § 2255 primarily to ease the administrative burden imposed by the jurisdictional requirement that all habeas corpus petitions be heard in the district of incarceration.  *Hernandez v. Campbell*, 204 F.3d at 864, n. 4.  A prisoner may appeal the denial of a § 2255 motion only if the Ninth Circuit or the district court issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).

Section 2255 specifically states:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence

17

imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

(c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

28 U.S.C. § 2255. By the section's terms, there are only four grounds properly within the scope of a motion to vacate, set aside or correct a sentence under the statute. Those grounds are: (1) the sentence was imposed in violation of Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. See *Jackson v. U. S.*, 495 F.2d 349 (8th Cir. 1974); see also *Tyler v. U.S.*, 361 F.2d 862 (10th Cir. 1966); *Espada v. U.S.*, 355 F.Supp. 690 (D. Puerto Rico 1973).

Here, Lopez's motion does not, on its face, invoke any of the four grounds for this Court's exercise of its power to grant her relief because she has only stated that under *Johnson*, which is inapplicable to this case, this Court should modify or reduce her sentence. At the sentencing hearing, the Court imposed a sentence in accordance with the recommendation of the United States and of Lopez herself in that she also recommended a sentence of 90 months. The 90 month sentence was below the Guideline range calculated even after a downward variance that was the equivalent of a two-level reduction in the Base Offense Level. This Court did not sentence Lopez under any provision of the USSG other than § 2D1.1 which applies to drug offenses. This Court should deny her motion on this ground.

18

## E.     Lopez's Motion Is Barred By Her Failure To Appeal

In addition to the bar presented by her written waiver of collateral attack, Lopez's motion is also barred because she failed to raise any claim about the applicable Sentencing Guidelines on direct appeal.  In *United States v. Schlesinger*, 49 F.3d 483 (1995), the Ninth Circuit held that a 28 U.S.C. § 2255 motion arguing nonconstitutional sentencing error is barred by a movant's failure to appeal:

> The government argues that allegations of [nonconstitutional] sentencing errors, when not directly appealed, are not generally reviewable by means of a § 2255 petition. … We agree.

> Two circuits have held that claims … are simply not cognizable on § 2255 review because they have not been raised on direct appeal. [Citations omitted.]

> Since a time prior to the Sentencing Guidelines, this court has held that the failure to raise sentencing issues may preclude the petitioner from asserting those issues by way of § 2255 petition. [Citations omitted.]

> We therefore conclude that this court follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255.

*Id*. at 484-87; see e.g., *United States v. McMullen* 98 F.3d 1155, 1157 (9th Cir. 1996) ("We have consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding. [Citations omitted.]")

In some cases, a defendant can overcome that bar if she shows cause and prejudice for her procedural default.  See *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in

19

response to the default."). [3] Lopez never appealed her sentence in this case and does not even attempt to explain why she may bring this Guidelines dispute now. The failure to even try to shoulder her burden to establish cause and prejudice alone is grounds to dismiss the petition.

Nor can Lopez show cause and prejudice. To show "cause," a defendant "must ordinarily . . . show that some factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); see *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000). The Supreme Court has made clear, however, that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. It has excused procedural default on collateral review therefore only (1) where, in a state court proceeding, the claim was "novel," *Reed v. Ross*, 468 U.S. 1, 16 (1984), (2)

_____

[3] In other contexts, a defendant may establish "actual innocence" to excuse procedural default as well. But the "actual innocence" exception is not satisfied by a Guidelines calculation error. See *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011) ("Even if the 'actual innocence' exception applies in some noncapital sentencing contexts, we believe that the exception does not permit prisoners to raise claims about guidelines calculations in a collateral attack."); *Gilbert v. United States*, 640 F.3d 1293, 1322 (11th Cir. 2011) (no application of "actual innocence" exception in mandatory guidelines contexts, in part because defendant would be "statutorily eligible" for same sentence without career offender designation); see also *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004) (Supreme Court has not decided whether actual innocence applies to non-capital sentence); *Sawyer v. Whitley*, 505 U.S. 333, 341 (1992) (in the capital sentencing context "the exception for 'actual innocence' is a very narrow exception" addressing eligibility for capital punishment).

where the defendant received ineffective assistance of counsel, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (ineffective assistance will excuse default "in certain circumstances"), or (3) where the defendant is actually innocent.[4]  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013); *Bousley v. United States*, 523 U.S. 614, 637-638 (1998).

None of those exceptions applies here.  Adverse authority is inadequate to establish the type of "futility" that could excuse a procedural default.  "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted); *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982).  Although *Johnson v. United States* overruled two prior Supreme Court decisions finding that the language in the residual clause was not vague, see *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011), that authority is not applicable to Lopez's case.

Even if *Johnson* were applicable here, that adverse authority would not be, standing alone, sufficient to establish cause.  That is because the argument in *Johnson* is not "novel" within the meaning of *Reed*.  The history of *Johnson* demonstrates that there is no reason to excuse procedural default for a claim like vagueness that is not novel.  Although the non-vagueness holdings in *James* and *Sykes* were binding, there were hints from the Court that those holdings might be re-examined.  Prior to *Johnson*, the Court struggled with the parameters of ACCA's residual clause on four

_____

[4]     As explained above, Guidelines disputes cannot support "actual innocence" claims.

21

occasions in a six-year span: *Begay v. United States*, 553 U.S. 137 (2008) (DUI: out); *Sykes v. United States*, 131 S. Ct. 2267 (2011) (vehicular flight: in); *Chambers v. United States*, 555 U.S. 122 (2009) (failure to report: out); *James v. United States*, 550 U.S. 192 (2007) (attempted burglary: in). Justice Scalia repeatedly urged his brethren to "grant certiorari, declare ACCA's residual provision to be unconstitutionally vague, and ring down the curtain on the ACCA farce playing in federal courts throughout the Nation." *Derby v. United States*, 131 S. Ct. 2858, 2860 (2011) (dissenting from the denial of certiorari). Other Justices made a similar point in urging a congressional fix. See *Chambers*, 555 U.S. at 133 (Alito, J., concurring in the judgment, joined by Thomas, J.) ("ACCA's residual clause is nearly impossible to apply consistently. [T]he only tenable, long-term solution is for Congress to formulate a specific list of expressly defined crimes that are deemed to be worthy of ACCA's sentencing enhancement.").

It is therefore clear that a vagueness argument could have been anticipated and in *Johnson* itself the petitioner had argued that the clause was unconstitutionally vague in the Eighth Circuit, preserving the issue and positioning himself to benefit from a favorable Supreme Court ruling. *United States v. Johnson*, 526 F. App'x. 708, 711-12 (8th Cir. 2013) (rejecting Johnson's vagueness challenge). Lopez, too, could have pursued Johnson's path. When Lopez pled guilty and was sentenced in 2014, the Ninth Circuit had long held that the Sentencing Guidelines could be challenged on vagueness grounds. See *United States v. Johnson*, 130 F.3d 1352 (9th Cir. 1997). Lopez elected not to challenge the Guidelines as vague and abandoned any appeal or collateral attack of her sentence in exchange for a favorable plea.

Like the other district courts that have dismissed *Johnson* 2255 petitions for procedural default, this court should dismiss Lopez's motion for failure to establish cause and prejudice. See *Ross v. United States*, 2016 WL 2642272, *3 (E.D. Wis. May 6, 2016) (Crabb, J.) (finding *Johnson* claim barred by "cause and prejudice" standard); *Clark v. United States*, 2016 WL 845271, at *25 (E.D. Wisc. Mar. 4, 2016) (Gilbert, J.) (same); *Williams v. United States*, 2016 WL 183496, at *3 (W.D.N.C. Jan. 14, 2016) (same).[5]

## F. No Evidentiary Hearing Is Required

Since Lopez's claims are not cognizable, no evidentiary hearing on her § 2255 motion is necessary. "A district court must grant a federal habeas petitioner's motion for an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting § 2255). The petitioner is required to allege specific facts that, if true, would entitle her to relief. *Id*. Here, Lopez presents no facts that would allow her to evade the AEDPA's one-year limitation or that would call into question the validity of her plea agreement. The Electronic Case File record in this case conclusively establishes that Lopez filed her motion almost eighteen months after the judgment became final. The plea agreement unambiguously waived her right to collaterally attack her sentence, and any dispute as

---

[5] Other district courts have declined to find procedural default. See, e.g., *United States v. Dean*, 2016 WL 1060229, at *5-*12 (D. Or. Mar. 15, 2016); *Cummings v. United States*, 2016 WL 799267, at *6-*8 (E.D. Wis. Feb. 29, 2016); *Stamps v. United States*, No. 13-238 (N.D. Cal. June 29, 2016).

*UNITED STATES' RESPONSE IN OPPOSITION TO*
*DEFENDANT'S MOTION UNDER § 2255*

*CRIM. CASE NO. 13CR4513-BEN*
*CIV. CASE NO. 16CV1118-BEN*

to the extent of that waiver, if it were alleged, is a question of law which does not require an evidentiary hearing.

## IV.

## **CONCLUSION**

For all the reasons outlined above, this Court should deny Lopez's Motion to Vacate under 28 U.S.C. § 2255.


DATED: July 22, 2016                    Respectfully submitted,
                                        LAURA E. DUFFY
                                        United States Attorney

                                        /s/*Rosario Gonzalez*
                                        Assistant U. S. Attorney

24