UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA LOPEZ,<br><br>　　　　　　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Case No.: 3:16-cv-01118-BEN<br>　　　　　　3:13-cr-04513-BEN-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

Movant, Priscilla Lopez, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States ("the government"), filed a response, opposing the motion. For the reasons set forth below, the Court **DENIES** Movant's Motion.

**BACKGROUND**

On December 19, 2013, the government filed a one-count indictment charging Movant with violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)A(vii) and 846, Conspiracy to Possess with Intent to Distribute Controlled Substances, and 21 U.S.C. § 853, Criminal Forfeiture. (Docket No. 1.)[1] Movant entered into a plea agreement with the government,

---

[1] All docket citations refer to the criminal case docket, No. 13-cr-04513-BEN-1.

1

3:16-cv-01118-BEN
3:13-cr-04513-BEN-1

in which she "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order." (Docket No. 46 at p. 8.) Movant thereafter pleaded guilty and came before this Court for sentencing. (Docket Nos. 47, 55.)

The parties agreed to jointly recommend Movant's sentencing be based on the following U.S. Sentencing Guidelines Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

 1. Base Offense Level [USSG § 2D1.1(c)(11)]     26
 2. Drugs into Jail [USSG § 2D1.1(b)(4)]          +2
 3. Acceptance of Responsibility [USSG § 3E1.1]   -3

(Docket No. 46 at p. 6.) At sentencing, the government complied with the plea agreement by recommending the above Guideline calculations. (Docket No. 63.) The government further determined that these calculations produced an Adjusted Offense Level of 25, which in combination with Movant's Criminal History Category of VI, produced a Guideline Range of 110 to 137 months' custody. (*Id.*) The government additionally recommended a downward variance that was equivalent to a two-level reduction in the Base Offense Level in exchange for Movant's agreement not to seek a further reduced sentence in the event the Federal Sentencing Guidelines were amended on November 1, 2014 to revise the Drug Quantity Table in USSG § 2D1.1(c). (*Id.*) This reduced the Guideline range to 92 to 115 months' custody. (*Id.*) The government then recommended Movant receive a sentence of 90 months' custody. (*Id.*)

Movant concurred with the government's Guideline calculations, argued for a two-level reduction in the Base Offense Level for alternative reasons, and likewise recommended a sentence of 90 months' custody. (Docket Nos. 65, 66.) The Court ultimately sentenced Movant to 90 months in custody and a term of supervised release of five years. (Docket Nos. 67, 70.)

On May 9, 2016, Movant filed the instant motion. (Docket No. 77.) Her filing is captioned as a "Modification/Reduction pursuant to Johnson 135 S. CT. 2563(2015) V.

United States & Welch V. United States 4B1.2(a)2, 4B1.1(a) & 4A1.2 Provision 4A1.1(a), (b), (c) [sic]." (*Id.*) In essence, Movant argues she is entitled to a reduced sentence pursuant to the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 163 S. Ct. 1257 (2016).

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION[2]

Movant's motion fails because she validly waived her right to collaterally attack her sentence. The record discloses no issues as to the voluntariness of Movant's plea. And, contrary to her contentions, her sentence was not unconstitutionally enhanced under *Johnson* or *Welch*. In *Johnson*, the Supreme Court considered language in the Armed Career Criminal Act ("ACCA"). The ACCA imposes a mandatory minimum sentence of 15 years for a defendant who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). The Supreme Court examined the definition of "violent felony" and held that a portion of that definition known as the "residual clause" is void for vagueness. Imposing an increased sentence under the residual clause of the definition of "violent felony" violates the Constitution's guarantee of due process. 135 S. Ct. at 2563. The

---

[2] The Court determines there is no need for an evidentiary hearing.

Supreme Court expressly confined its holding to this particular portion of the statute and confirmed that its holding does not apply to the "serious drug offense" clause or the remainder of the "violent felony" definition. *Id.*

In *Welch*, the Supreme Court considered whether *Johnson* was a substantive decision that is retroactive in cases on collateral review, 194 S. Ct. at 1261, and concluded that it was, *id.* at 1265.

However, neither *Johnson* nor *Welch* are applicable because Movant was not sentenced under the residual clause of the violent felony definition of the ACCA. *See United States v. Ruiz-Diaz*, 668 F. App'x 289, 290 (9th Cir. 2016) ("Because the [sentencing] enhancement was not predicated on a residual clause like the one struck down in *Johnson*, there is no arguable issue as to whether [defendant's] sentence is illegal."). Rather, she was sentenced pursuant to 18 U.S.C. §§ 841 and 846 and USSG 2D1.1, which were not implicated by *Johnson*. *See United States v. Padilla*, No. 2:10-CR-00454-CAS, 2017 WL 962756, at *3 (C.D. Cal. Mar. 13, 2017) (finding *Johnson* inapplicable to petitioner's § 2255 petition because petitioner's "sentence was not based upon any guidelines that might have been implicated by *Johnson*.").

Movant's motion may be construed as challenging the U.S. Sentencing Guidelines as unconstitutionally vague based on the same reasoning as *Johnson*.[3] (*See generally* Docket 77) (asserting her prior offenses fell within the "Residual Clause" discussed in *Johnson* and thus the Court should now modify her sentence under the Guidelines without considering those prior offenses.) However, the Supreme Court rejected such an argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the federal sentencing guidelines are not subject to vagueness challenges under the due process clause. *Id.* at 890, 892, 895.

---

[3] Movant's motion is not entirely coherent, but this inference of an underlying challenge to the U.S. Sentencing Guidelines constitutes the Court's best effort to understand her arguments.

4

3:16-cv-01118-BEN
3:13-cr-04513-BEN-1

As there are no arguable grounds as to whether Movant's sentence is illegal, the Court enforces the collateral attack waiver. *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)). Alternatively, Movant's motion is denied on the merits.

## CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: April 4, 2018

Hon. Roger T. Benitez
United States District Judge